| | |
|---|---|
| Ryan T. Gormley, Esq. | Andrew G. Jubinsky, Esq. (*pro hac vice* to be filed) |
| Nevada Bar No. 13494 | andy.jubinsky@figdav.com |
| rgormley@wwhgd.com | Lance V. Clack, Esq. (*pro hac vice* to be filed) |
| WEINBERG, WHEELER, HUDGINS, | lance.clack@figdav.com |
| GUNN & DIAL, LLC | FIGARI + DAVENPORT, LLP |
| 6385 South Rainbow Blvd., Suite 400 | 901 Main Street, Suite 3400 |
| Las Vegas, NV 89118 | Dallas, TX 75202 |
| T: (702) 938-3813 | T: (214) 939-2000 |
| F: (702) 938-3864 | F: (214) 939-2090 |

*Attorneys for Defendant Freedom Life Insurance Company of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY L. HENSON, an individual, | Case No.: |
| *Plaintiff,* | |
| v. | **DEFENDANT FREEDOM LIFE INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL** |
| FREEDOM LIFE INSURANCE COMPANY OF AMERICA; DOES 1-XXX; and ABC CORPORATIONS A-Z, inclusive, | |
| *Defendants.* | |

Defendant Freedom Life Insurance Company of America files this Notice of Removal and states:

**1.  State Court Action.** This action was filed on April 14, 2021, in the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, being numbered CV21-00670 on the docket of said court and being a suit by Plaintiff Tammy L. Henson, an Individual ("Plaintiff"), to recover benefits under insurance policies issued by Defendant. Defendant timely removed the case to this Court, and Plaintiff moved to remand, alleging that Defendant had not established the amount in controversy. On July 29, 2021, the case was remanded, because the Court found that Defendant had not sufficiently established the amount in controversy. On January 24, 2022, Plaintiff responded to requests for admission, and denied that she was seeking less than $75,000.00 in damages and denied that her damages did not exceed more than $75,000.00 [Ex. 1.] Based on Plaintiff's responses to the requests for admission, Defendant now files this second notice

of removal. In this regard, Plaintiff's refusal to admit that she does not seek more than $75,000.00 in damages is sufficient evidence of the amount in controversy to create diversity jurisdiction. *See Moran v. Wal-Mart, Inc.*, No. CV 5:21-260-DCR, 2021 WL 5856142, at *2 (E.D. Ky. Dec. 9, 2021); *Deabreu v. Higbee Co.*, No. 8:17-CV-2378-T-MAP, 2018 WL 3860227, at *2 (M.D. Fla. Feb. 6, 2018). Moreover, where, as here, a case is remanded for failure to prove amount in controversy, but the plaintiff after remand discloses that the amount in controversy exceeds $75,000.00, a second removal is proper. *See, e.g., Sercu v. Lab. Corp. of Am.*, No. 3:09-CV-0619-LRH-RAM, 2009 WL 3755763, at *2 (D. Nev. Nov. 9, 2009); *Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089 (C.D. Cal. 2005).

2.   **Diversity of Citizenship.**   This action is removable under 28 U.S.C. §§ 1332, 1441 and 1446 because the amount in controversy exceeds $75,000.00 and is between parties with diverse citizenship. Plaintiff is an individual residing in Washoe County, Nevada (*see* First Amended Complaint, ¶ 1). Defendant is a Texas corporation with its principal place of business in Fort Worth, Texas (*see* Ex. 2).  Therefore, Plaintiff is a citizen of Nevada, and Defendant is a citizen of Texas for removal and diversity purposes. There is complete diversity of citizenship between Plaintiff and Defendant at the time of filing suit and at the time of removal.[1] Plaintiff's First Amended Complaint alleges, among other things, that Defendant issued her a Specified Disease/Illness Plan on or about April 22, 2019 and a Short Term Medical-Surgical Expense Plan on or about May 28, 2019 (collectively, the "Plans"), and that she subsequently underwent medical treatment and surgery but Defendant denied coverage under the Plans based on the pre-existing condition exclusion. In responses to requests for admission, Plaintiff now concedes that her damages exceed $75,000.00. (*see* Ex. 1). This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See e.g.  Moran* 2021 WL

---

[1] Although Plaintiff asserts claims against a number of fictitious parties, the "citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal." *Satchell v. Lyft, Inc.*, 220CV01201KJDVCF, 2021 WL 641623, at *2 (D. Nev. Jan. 25, 2021) (*quoting Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

5856142, at *2 (holding that plaintiff's refusal to admit she sought less than $75,000.00 in damages was sufficient proof of amount in controversy). This action is wholly of a civil nature.

3. **State Court Documents Attached.** Pursuant to the Federal Rules of Civil Procedure, an index containing a copy of the state court docket sheet and all documents filed in the state court action, separately attached and arranged in chronological order, is attached as Exhibit 3. These documents constitute the only pleadings, process, or orders filed in the state court or received by Defendants. A list of the parties and counsel is also attached as Exhibit 4.

4. **Notice.** Finally, pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal shall be provided to all adverse parties and filed with the clerk of the state court.

5. **Relief Requested.** Defendant respectfully requests that the United States District Court for the District of Nevada accept this notice of removal and that it assume jurisdiction of this action and issue all such further orders and processes as may be necessary to bring before it all parties necessary for the final trial hereof.

Dated: February 23, 2022

By: */s/ Ryan T. Gormley*
Ryan T. Gormley, Esq.
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL
6385 South Rainbow Blvd., Suite 400
Las Vegas, NV 89118

-and-

Andrew G. Jubinsky, Esq. (*pro hac vice* forthcoming)
Lance V. Clack, Esq. (*pro hac vice* forthcoming)
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202

*Attorneys for Defendant*
*Freedom Life Insurance Company of America*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 23, 2022, a true and correct copy of this document was filed electronically via the Court's CM/ECF filing system, which will subsequently send an email with a filed copy to all counsel in this matter deemed to accept service electronically.

                                      */s/ Cindy Bowman*
                                      Cindy Bowman