UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAMMY L. HENSON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>FREEDOM LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No. 3:22-cv-00104-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

This is a suit for benefits under two insurance plans. Plaintiff Tammy L. Henson seeks reimbursement of medical bills from Defendant Freedom Life Insurance Company of America. Defendant removed this case once before, and, after it was remanded to state court, Defendant has removed again. Before the Court is Plaintiff's motion to again remand this case to Nevada state court. (ECF No. 11 ("Motion").) Plaintiff also seeks attorney's fees and costs. (*Id.*) As explained further below, the Court will grant the Motion and remand this case because Defendant has failed to establish the amount in controversy is met. Additionally, the Court will award attorney's fees and costs because Defendant's second removal was objectively unreasonable under the circumstances of this case.

**II.　BACKGROUND**

Plaintiff filed this action on April 14, 2021, in the Second Judicial District Court of the State of Nevada. (ECF No. 1-3 at 8.) After Defendant removed the case to this Court the first time, Plaintiff moved to remand, arguing that Defendant had not established the amount in controversy. (*Id.* at 23, 54.) The Court remanded the case on July 29, 2019.

*See Henson v. Freedom Life Ins. Co. of Am., et al.*, Case No. 3:21-cv-235-LRH-CLB, 2021 WL 3216466 (D. Nev. Jul. 29, 2021).

In its remand order, the Court found that "although the parties are completely diverse, Freedom Life has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." *Id.* at *1. The Court found that amount of damages apparent from the face of the state court complaint, which requested damages "in excess of $15,000," was "unclear." *Id.* at *2. The Court determined that Defendant's allegation that "the unpaid medical bills submitted to Freedom Life by or on behalf of the Plaintiff exceed $75,000.00" was "conclusory," noting that no medical records had actually been submitted to support the allegation. *Id.* at *3. This allegation did not meet the preponderance of the evidence standard required to establish subject matter jurisdiction. *Id.* (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). The Court further rejected Defendant's argument that Plaintiff's demand for extra-contractual damages, punitive damages, and attorneys' fees would otherwise satisfy the amount in controversy requirement. *Id.* Because Defendant did not determine "the likely award" of extra-contractual or punitive damages or probable calculation of attorneys' fees, the Court did not have information about the amount in controversy itself. *See id.*

The case proceeded in state court. Plaintiff filed her first amended complaint ("FAC") on September 30, 2021. (ECF No. 1-3 at 69.) The FAC included several additional claims but again sought damages "in excess of $15,000." (*Id.* at 94.) Plaintiff further requested that her case be exempt from Nevada's Court Annexed Arbitration Program. (*Id.* at 96.) Although any case with an amount in issue in excess of $50,000 may be exempted, Plaintiff did not indicate that her case had an amount in issue in excess of $50,000 and instead requested exemption because her case "presents a significant issue of public policy." (*Id.*)

On January 24, 2022, Plaintiff tendered her responses to Defendant's requests for admissions. (ECF No. 1-1.) All five questions related to the amount in controversy:

- Request No. 1: Admit that the amount in controversy does not exceed the sum or value of $75,000.00 exclusive of interest and costs.
- Request No. 2: Admit that you are not seeking to recover more than $75,000.00 (excluding interest and costs) in this lawsuit.
- Request No. 3: Admit that you are not seeking damages of any type (including but not limited to, actual damages, economic damages, compensatory damages, punitive or exemplary damages, additional damages, statutory penalties, mental anguish damages, etc.) which either individually or in the aggregate exceed $75,000.00.
- Request No. 4: Admit that you will not seek or request for court or jury to award an amount in excess of $75,000.00 in this action.
- Request No. 5: Admit that you waive any claim for damages exceeding $75,000.00 if the action is tried in this Court.

(*Id.* at 2-3.) Plaintiff objected to Request No. 1 and denied the other four Requests. (*Id.*)

Defendant removed for a second time on February 23, 2022, arguing that these responses to its requests for admission establish that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. (ECF No. 1 at 2.)

**III.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Except for cases removed pursuant to the Class Action Fairness Act of 2005, removal statutes are construed strictly and in favor of remanding a case to state court. *See Academy of Country Music v. Continental Casualty Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). When a case is removed from state court on the basis of diversity jurisdiction, the amount in controversy is satisfied by "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2)(A). However, if the amount in controversy is not established by the initial pleading, the party seeking removal can support its petition with "other paper" received that establishes by a preponderance of the evidence the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1446(b)(3), 1446(c)(2)(3)(A). The Court may consider "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citations omitted).

**IV.  DISCUSSION**

Plaintiff moves to remand on the grounds that nothing in Defendant's second removal establishes a new basis for jurisdiction. (ECF No. 11.) Accordingly, Plaintiff further requests attorney's fees and costs in preparing its Motion and reply pursuant to 28 U.S.C. § 1447(c). (*Id.*) The Court will grant the Motion because the removal was improper and will award Plaintiff attorney's fees because the removal was objectively unreasonable in the context of this case.

**A.  Remand**

A second removal after remand is disfavored and generally impermissible unless the removing party can show that "subsequent pleadings or events reveal a new and different ground for removal." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018) (citations omitted). Plaintiff argues that Defendant's asserted basis for removal is not "new" because both removals argue that the amount in controversy exceeds $75,000. (ECF No. 11 at 4-5.) Defendant counters that its second removal petition is based on information it did not have at the time of the first removal—Plaintiff's

4

responses to its requests for admission—which conclusively establish the amount in controversy is met. (ECF No. 17 at 4-5.)

Although the Ninth Circuit expressly permits successive removal petitions "when an intervening change of law gives rise to a new basis of subject-matter jurisdiction" or "when pleadings are amended to create federal subject-matter jurisdiction for the first time," *see Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015), it is not clear when newly-discovered information about the amount in controversy justifies a second removal. Some courts—including those in this District—have concluded that a second or successive removal petition that establishes a previously undetermined amount in controversy is not necessarily "barred." *See, e.g.*, *Sercu v. Laboratory Corp. of Am.*, Case No. 3:09-cv-00619-LRH-RAM, 2009 WL 3755763, at *2 (D. Nev. Nov. 9, 2009) (finding that the plaintiff's deposition testimony stating she would continue to miss three days a month for the rest of her working life—approximately $5,000/year for the next 25 years—met the amount in controversy). Instead, as another court reasoned, the relevant inquiry is whether the second removal petition is "based on information not available at the prior removal," or if the first remand relied on reasoning that "subsequently became incorrect." *Vieira v. Mentor Worldwide, LLC*, 392 F.Supp.3d 1117, 1127 (C.D. Cal. 2019) (citations omitted).

The Court is not persuaded that the information in Plaintiff's responses constitutes "new" information unavailable at the time of the first removal, or that the responses conclusively establish the amount in controversy is satisfied. Defendant does not argue there has been an intervening change in law or that Plaintiff's amended complaint established the amount in controversy exceeded $75,000. *See Reyes*, 781 F.3d at 1188. Nowhere in the original or amended complaint does Plaintiff describe her damages except that they exceed $15,000. Defendant has not offered any evidence of Plaintiff's compensatory damages nor made reasonable projections about the punitive damages or attorneys' fees. Rather, Defendant argues that the responses to its requests for admission are "other paper" that the Court may consider under § 1446(c). (ECF No. 17 at 3.)

5

Although the Court agrees that it may consider Plaintiff's responses and that the responses are "other paper" within the meaning of the removal statute, the information in the responses is not "new." At the first removal, Defendant suspected that the amount in controversy exceeded $75,000, but lacked evidence to support its allegation. *See Henson*, 2021 WL 3216466 at *3. Contrary to Defendant's argument that the responses now conclusively establish the amount-in-controversy, the responses create a web of double-negatives—Plaintiff denies that she is not seeking more than $75,000 but does not admit the amount of damages she is seeking, nor elaborate on the basis for such a figure. Her responses establish only that she will not stipulate to seeking less than $75,000. Indeed, many courts in this circuit have rejected that this precise formulation establishes, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional amount. *See Gollner v. Conformis, Inc.*, Case No. 3:17-cv-00479-LRH-VPC, 2017 WL 4274879, *1 (D. Nev. Sept. 26, 2017) (finding that evidence of failing to stipulate to the amount in controversy requirement is "at best a factor in determining the amount, and at worst irrelevant to the determination"); *see also Hulse v. Ascion, LLC*, Case No. 2:19-cv-09287-SVW-SK, 2020 WL 242417, *2 (C.D. Cal. Jan. 16, 2020) ("The mere fact that [the plaintiff] has not stipulated to an amount in controversy below $75,000 is not sufficient to [meet the defendant's] burden, because any number of strategic legal concerns could preclude making such a binding stipulation.").

As a related matter, the responses certainly do not present "summary-judgment-type evidence" that the amount in controversy is clear and not genuinely in dispute. *See Matheson*, 319 F.3d at 1090. Even assuming that the information in the responses is "new," as explained above, nothing in the pleadings or the responses states what the amount in controversy is, much less what evidence supports that figure.[1] It is Defendant's

---

[1] The Court notes that Plaintiff argues Defendant is in receipt of her medical bills, which were submitted to Defendant for reimbursement. (ECF No. 20 at 5.) In the first remand order, the district court further noted that "while the Court may consider medical bills in an amount in controversy determination, no such bills were provided by Freedom Life." *Henson*, 2021 WL 3216466 at *3. The Court finds now as the district court did then: "where there is doubt, the Court should remand." *Id.*

burden to show, by a preponderance of the evidence, that the amount in controversy is met. Because Defendant has failed to meet its burden, the Court will grant the Motion and remand this case.

### B. Sanctions

Plaintiff seeks attorney's fees and costs for preparing its Motion because Defendant ignored relevant case law from this district suggesting its second removal would be unsuccessful. (ECF No. 11 at 5-7.) When Plaintiff received Defendant's second notice of removal, Plaintiff's counsel emailed Defendant explaining that its basis for removal has been rejected by this District and other courts and asking Defendant to withdraw the notice. (*Id.* at 57-58.) Defendant did not respond to the email. (*Id.* at 5.) Defendant counters that the caselaw—in this district and others—is not clear, and their decision to remove was not objectively unreasonable. (ECF No. 17 at 9-10.) The Court finds that Defendant's actions, in the context of this case, were objectively unreasonable, and will therefore award Plaintiff's counsel fees for their time preparing the Motion and the reply.

A district court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal" if the case is remanded. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *accord Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Whether a court should award attorney's fees turns on "the reasonableness of the removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). But a removal is not objectively unreasonable "solely because the removing party's arguments lack merit." *Id.* Instead, courts consider whether the basis of removal was "clearly foreclosed." *Id.* at 1066.

Defendant's basis for removal was not objectively reasonable. First, the Court considers that Defendant was on notice that law from this district rejects its basis for

removal, yet proceeded with its theory. While it is true that decisions from other courts in this District or other district courts in the Ninth Circuit are not binding precedent on this Court, *see Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001), district courts have rejected situations factually identical to Defendant's second removal for at least five years, *see, e.g., Gollner*, 2017 WL 4274879 at *1. Moreover, Defendant's argument that *Sercu* permits this type of removal is incorrect. Even cases that have permitted a second removal based on new information relating to the amount in controversy have considered that the removing party supplied factual evidence showing the amount in controversy exceeded the jurisdictional limit. *See Sercu*, 2009 WL 3755763 at *2 (breaking down how future damages based on specific deposition testimony).

But as a second consideration, even if the Court takes Defendant's position that it did not believe this avenue of removal was foreclosed by the caselaw at face value, the circumstances of the case make the second removal objectively unreasonable. The first remand order rejected the first removal because Defendant failed to support its allegations with evidence about of the amount in controversy. This removal fails for the same reason. In this context, the Court finds that attorney's fees are warranted because Defendant twice failed to support its removal with the requisite evidence to meet its burden. Plaintiff's counsel requests $3,430 in combined fees for its time researching and drafting the Motion and reply, which the Court finds to be reasonable[2] and will grant. (ECF Nos. 11 at 11-12, 20 at 6.)

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 11) is granted.

---

[2] Indeed, Defendant does not challenge the reasonableness of Plaintiff's requested fees.

It is further ordered that Plaintiff's request for attorney's fees in the amount of $3,430.00 is granted.

The Clerk of Court is directed to remand this case to the Second Judicial District of the State of Nevada.

DATED THIS 5th Day of April 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE